UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE JAMES DELEBREAU,

       Plaintiff,

      v.                                 Case No.  25-cv-1414-bbc

BROWN COUNTY JAIL,

       Defendant.

---

## DECISION AND ORDER

---

Plaintiff Jesse James Delebreau, who is representing himself in this 42 U.S.C. §1983 case, was incarcerated at the Brown County Jail when he initiated this action, although he has since been released. The Prison Litigation Reform Act (PLRA) applies to this case because Delebreau was a prisoner when he brought this case. *See* 28 U.S.C. §1915(h). On September 19, 2025, pursuant to 28 U.S.C. §1915(b), the Court ordered Delebreau to pay an initial partial filing fee of $49.00 by October 20, 2025. The Court also warned Delebreau that if he did not pay the initial partial filing fee by the deadline, the Court would deny his motion to proceed without prepaying the filing fee and would dismiss this action based on his failure to pay the filing fee. Dkt. No. 5.

The deadline has passed, and Delebreau has neither paid the initial partial filing fee nor explained why he is unable to do so. Accordingly, as warned, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this action without prejudice based on his failure to pay the filing fee. Because the dismissal is without prejudice, Delebreau may refile his complaint. If Delebreau chooses to bring a new case and he is not a prisoner at that time, the PLRA will not apply.

**IT IS THEREFORE ORDERED** that Delebreau's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** based on Delebreau's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Delebreau must pay the $350 statutory filing fee. Delebreau may send payments as he is able to the Office of the Clerk, 125 S. Jefferson Street, Room 102, Green Bay, Wisconsin 54301. The payments should be clearly marked with the case name and number (25-cv-1414).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on October 28, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.